# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

CHRISTOPHER MARZETT REED                                        PLAINTIFF

V.                                No. 2:18CV00105-JM-JTR

NWANNEM OBI-OKOYE, M.D.,
Health Services Unit,
Forrest City Medium, *et al.*                                   DEFENDANTS

## SCHEDULING ORDER

Most Defendants have filed their Answers. *Docs. 25, 41 & 50.*[1] So that the

case can move forward, the Court will set deadlines for conducting discovery and

filing dispositive motions. The Clerk will be directed to amend the docket sheet to

reflect the full and correct names of certain Defendants.

Plaintiff has 30 days to file a Motion for Service that provides a valid service

address for Defendant Dr. J. Capps. If Plaintiff fails to do so, his claim against Dr.

Capps will be subject to dismissal, without prejudice. *See* Fed. R. Civ. P. 4(m).

The Prison Litigation Reform Act requires prisoners to fully and properly

exhaust their administrative remedies as to each claim before filing a lawsuit in

---

[1]On September 21, 2020, the Court dismissed some, but not all, claims against Defendants James Robinson, Gene Beasley, J.F. Caraway, Ian Connors, and Brenda Hoy. *Docs. 60 & 62.* They have not yet filed an Answer.

Service was attempted on Dr. J. Capps at FCI-Forrest City (where he no longer works) and at his last-known mailing address provided under seal by Defendants' counsel, but was returned unexecuted both times. *Docs. 35, 43, 47 (sealed), 51 & 53.*

federal court. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 90, 93-95 (2006); *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014). Although exhaustion of administrative remedies is an affirmative defense, the Eighth Circuit has clarified that a court cannot proceed to the merits of any unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Pinder v. McDowell,* 714 F. App'x 612, 613 (8th Cir. 2018); *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015).

It would be beneficial to the Court, as well as the parties, if any exhaustion issues were resolved before time and resources were unnecessarily expended developing and addressing unexhausted claims. Accordingly, the Court will give Defendants 45 days to file dispositive motions on the *issue of exhaustion only.*[2] Additionally, the parties will have 120 days to complete discovery[3] and 180 days to file any other dispositive motions.

Finally, if Defendants choose to file a Motion for Summary Judgment, they must file a separate Statement of Facts that contains: (1) individually numbered factual statements; (2) a citation to the evidentiary support for each factual statement;

---

[2]Any motions on the issue of exhaustion must contain copies of the relevant grievances *and* the subsequent appeals.

[3]This means that the parties must send their final discovery requests to the opposing side so that they have the full amount of time, as provided by the Federal Rules of Civil Procedure, to respond before the discovery deadline expires. For instance, Fed. R. Civ. P. 33(b)(2) states that a party has 30 days to respond to interrogatories. Thus, the parties must send their final interrogatories to the opposing side *at least* 30 days before the expiration of the discovery deadline.

and (3) three blank lines immediately following each numbered factual statement. The Court will then enter a separate Order explaining to Plaintiff how to properly respond thereto. *See attached Example.*

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to amend the docket sheet to reflect that: Defendant "Sheila Woodard" is now Sheila Woodward; Defendant "J. Harris" is now Jillian Harris; and Defendant "M. Hickerson" is now Michelle Hickerson.

2.      Plaintiff must file, **on or before January 11, 2021,** a Motion for Service containing the information specified in this Order regarding Defendant Dr. J. Capps.

3.      Defendants must file any motions on the issue of exhaustion **on or before January 25, 2021.**

4.      The parties must complete discovery **on or before April 9, 2021.**

5.      The parties must file dispositive motions, dealing with matters other than exhaustion, **on or before June 8, 2021.**

6.      Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendants are granted permission to depose Plaintiff, if they so choose.

DATED this 10th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

3

# EXAMPLE ONLY

[Plaintiff's name and ADC#]                                           PLAINTIFF

V.                                              [case number]

[Defendants' names and titles]                                        DEFENDANTS

## STATEMENT OF FACTS

1.      In January of 2020, Plaintiff was confined in the Tucker Unit of the

Arkansas Department of Correction. *Doc. 35, Ex. 1.*

_____

_____

_____

2.      On January 8, 2020, Plaintiff filed a sick request form seeking treatment

for stomach pains and vomiting. *Doc. 35, Ex. 2.*

_____

_____

_____